**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JIMMY C. MOORE, | No. 16-35695 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00006-CWD |
| v. | |
| STEPHEN BARTTLET, Sheriff; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding[**]

Submitted June 26, 2017[***]

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Jimmy C. Moore, an Idaho state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional violations arising out of the mishandling of his legal documents.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     Moore consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)), and we affirm.

The district court properly dismissed Moore's action because Moore failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996) (access-to-courts claim requires showing that the defendant's conduct caused actual injury to a non-frivolous legal claim); *Hudson v. Palmer*, 468 U.S. 517, 533, 535 (1984) (holding that deprivation of property does not violate due process if a meaningful post-deprivation remedy is available and explaining that state tort actions are meaningful post-deprivation remedies); *see also* IDAHO CODE § 6-901 (Idaho Tort Claims Act) (2016).

The district court did not abuse its discretion by dismissing Moore's amended complaint without further leave to amend. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (setting forth standard of review and explaining that leave to amend can be denied if amendment would be

2                                                                      16-35695

futile).

The district court did not abuse its discretion by denying Moore's motions for reconsideration because Moore failed to state any grounds warranting relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 59(e)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-35695